**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 24-4323**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KAUNDRE TYREE CHARLES MCKILLIAN, a/k/a Keaundre Tyree Charles McKillian,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:23-cr-00281-CCE-1)

—————————

Submitted:  December 23, 2025            Decided:  December 30, 2025

—————————

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Randall S. Galyon, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kaundre Tyree Charles McKillian appeals his conviction and sentence for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  On appeal, he argues that the district court erred in calculating his advisory Sentencing Guidelines range by applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2023),* based on the court's finding that McKillian possessed a firearm in connection with another felony offense.  Finding no reversible error, we affirm.

We review a defendant's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (citation modified).  In considering a challenge to the calculation of the Guidelines, we review the district court's legal determinations de novo and its factual findings for clear error.  *Id.*  "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (citation modified).  "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (citation modified).

---

\* This enhancement is found at USSG § 2K2.1(b)(7)(B) (2025) in the current version of the Guidelines.

A district court applies a four-level enhancement in offense level if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B) (2023). A firearm is used in connection with another felony offense if it "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). "Another felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). "The government bears the burden of proving the facts supporting the enhancement by a preponderance of the evidence." *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015).

On appeal, McKillian contends that the Government did not prove that he possessed the firearm in connection with fleeing to elude arrest using a motor vehicle by a preponderance of the evidence, because the presence of the firearm in the vehicle was coincidental and did not motivate his flight from law enforcement. However, a district court does not clearly err in applying § 2K2.1(b)(6)(B) where the presence of a firearm within arm's reach could facilitate flight from law enforcement by "embolden[ing] a defendant even when the defendant does not attempt to use the firearm." *United States v. Dix*, 64 F.4th 230, 238 (4th Cir. 2023). McKillian argues, though, that there is no evidence that the firearm was within his reach while he was driving. The district court found that, after the high-speed chase ended, McKillian's subsequent flight from the car on foot while carrying the firearm in his hand demonstrated that the gun was accessible to him while

3

driving, which emboldened him to flee from police.  We discern no clear error in this finding.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*